# EXHIBIT B

NO._____
A.M._____   FILED   P.M._____

FEB 1 9 2010

J. DAVID NAVARRO, Clerk
By A. BARREN
DEPUTY

Wayne V Meuleman, ISB #1419
MEULEMAN MOLLERUP LLP
755 W. Front Street, Suite 200
Boise, Idaho 83702
(208) 342-6066 Telephone
(208) 336-9712 Fax
meuleman@lawidaho.com
I:\4863.002\PLEAD\Complaint.doc

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

DONALD KAYSER and MARY KAYSER,

    Plaintiffs,

v.

PAM JANE McCLARY, an individual

    Defendant.

Case No.

**CV OC 1003121**
COMPLAINT

Fee Category:    **A**
Fee:    **$88.00**

COMES NOW, Plaintiffs Donald Kayser and Mary Kayser, by and through their counsel

of record, Meuleman Mollerup LLP, and against Defendant Pam Jane McClary, complain and

allege as follows:

## GENERAL ALLEGATIONS

Plaintiffs are informed and believes, and on that basis alleges, that at all times material

hereto:

1.    Plaintiffs are the owners of a residence at 4848 W. Hillcrest Drive, Boise, Idaho

and more particularly described as Lot B, Block B, Capitol Sites Subdivision, Records of Ada

County, Idaho (referred to herein as "Plaintiffs' Property").

2.      Defendant is the owner an unimproved lot adjoining the Plaintiffs property, such unimproved lot is more particularly described as Lot D, Block B, Capitol Sites Subdivision, Records of Ada County, Idaho (referred to herein as the "Easement Property").

3.      Jurisdiction is proper in this district.  This Court has subject matter jurisdiction over this action pursuant to Idaho Code § 1-705 and personal jurisdiction over the above-named Defendant pursuant to Idaho Code § 5-514.  Venue is proper in this district under Idaho Code § 5-401 since this action relates to real property situated within this district.  The amount in controversy in this lawsuit, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

4.      The Easement Property is subject to a certain easement evidenced by a Grant of Easement dated January 11, 2000 which was duly recorded on January 12, 2000 in Records of Ada County, Idaho, a copy of which is attached hereto and referred to herein as the "Easement." The Easement was granted to the Plaintiffs' predecessor in title by the Defendant's predecessor in title for the benefit of the Plaintiffs' Property.  The Easement limits and restricts construction of improvements on the Easement Property without the consent of the owner of Plaintiffs' Property, specifically prohibiting construction of fences or other improvements that may "in any way degrade or restrict the view from said Lot D, Block B" referring to the Plaintiffs' Property.

5.      The Plaintiffs have entered into an agreement to sell the Plaintiffs' Property which sale is scheduled to close on February 18, 2010.

6.      When the Defendant became aware of the Plaintiffs agreement to sell Plaintiffs' Property, Defendant willfully, maliciously and with the intent to interfere with the Plaintiffs sale of Plaintiffs' Property, constructed a fence on Easement Property immediately adjacent to the

Plaintiffs' Property thereby degrading and impairing the view from the Plaintiffs' Property in violation of the expressed provisions of the Easement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

7.    Plaintiffs incorporate each and every allegation set forth in Paragraphs 1 through 6, inclusive, as if set forth herein in full.

8.    Defendant's actions constitute a breach of the Easement.

9.    By reason of the Defendant's actions in the constructing the fence, the persons who entered into the agreement to purchase the Plaintiffs' Property have refused to complete the purchase of the property.

10.    Plaintiffs have been damaged by reason of the Defendants breach of the Easement in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### (Tortious Interference with Contract)

11.    Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 10, inclusive, as if set forth herein in full.

12.    Defendant knowingly and intentionally undertook to construct a fence in violation of the Easement with the specific intent and purpose of interfering with the Plaintiffs' contract to sell the Plaintiffs' Property and Defendant's actions have prevented the pending sale of Plaintiffs' Property.

13.    Plaintiffs have been damaged by reason of the Defendant's wrongful conduct in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
#### (Trespass)

14.    Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 13, inclusive, as if set forth herein in full.

15.    Defendant intentionally and knowingly entered upon the Easement Property, without the consent or permission of the Plaintiffs, for the specific purpose of taking possession Easement Property in a manner contrary to the rights and interest of the Plaintiffs in and to the Easement Property thereby wrongfully trespassing upon the Easement Property.

16.    Plaintiffs have been damaged by reason of the Defendant's trespass and is entitled to damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
#### (Quiet Title/Injunction)

17.    Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 16, inclusive, as if set forth herein in full.

18.    Plaintiffs' and their successors in interest in the Plaintiffs' Property are entitled to the benefit of the Easement, are entitled to decree confirming the validity of the Easement and enjoining the Defendant from taking any action in violation of the Easement.

19.    Plaintiffs are entitled to an order permanently enjoining Defendant from taking any action in violation of the Easement and ordering Defendant to remove the fence and other improvements constructed on the Easement Property.

**WHEREFORE,** Plaintiffs pray for judgment as follows:

I.    As to the First, Second and Third Causes of Action, the entry of judgment in favor of Plaintiffs against Defendant as follows:

a)    In the amount of damages to be proven at trial;

b)      For attorneys' fees and costs incurred herein pursuant to Idaho Code §§ 12-121 and Rule 54(e) of the Idaho Rules of Civil Procedure; and,

c)      For such other and further relief as the Court deems just and proper.

II.      As to the Fourth Cause of Action, the entry of decree declaring the Easement to be valid and binding in accordance with its terms, enjoining the Defendant from taking any action in violation of the Easement and ordering Defendant to remove the fence and other improvements constructed on the Easement Property..

III.      For attorneys' fees and costs incurred herein pursuant to Idaho Code §§ 12-121 and Rule 54(e) of the Idaho Rules of Civil Procedure.

IV.      For such other and further relief as the Court deems just and proper

DATED this _18_ day of February 2010.

MEULEMAN MOLLERUP LLP

By: Wayne V Meuleman
       Attorneys for Plaintiffs

**COMPLAINT - Page 5**

ADA COUNTY RECORDER
J. DAVID NAVARRO

RECORDED - REQUEST OF

FEE ___ DEPUT ___

**GRANT OF EASEMENT**

100003146

Agreement made on this ___11___ day of January, 2000, between **JAMES D. McCLARY**, a single man, of Boise, Idaho, (hereinafter "Grantor"), and **PAUL B. LARSEN** and **IRETTA N. LARSEN**, husband and wife, of Boise, Idaho, (hereinafter "Grantee").

## WITNESSETH

**WHEREAS,** Grantor is the owner of certain real property located in Ada County, State of Idaho described as:

Lot B, Block B, Capitol Sites Subdivision, a re-subdivision of Lots 3, 4, 12, 13 and a portion of Lot 5, Block B, Capitol Sites Subdivision records of Ada County, State of Idaho;

**WHEREAS,** Grantees are the owners of certain real property located in Ada County, State of Idaho described as:

Lot D, Block B, Capitol Sites Subdivision, a re-subdivision of Lots 3, 4, 12, 13 and a portion of Lot 5, Block B, Capitol Sites Subdivision records of Ada County, State of Idaho;

**WHEREAS,** Grantor did make a verbal agreement with Grantees at the time that Grantees purchased said Lot D from Grantor that, as a material consideration for the purchase of said Lot D, Grantor would not build a structure on said Lot B.

## NOW THEREFORE IT IS AGREED AS FOLLOWS:

1.     In consideration of the verbal agreement referred to above and other good and valuable consideration, Grantor does hereby grant to Grantees an easement for an unobstructed view over said Lot B, Block B, Capitol Sites Subdivision, (described above) hereinafter the "servient estate" for the benefit of said Lot D, Block B, Capitol Sites Subdivision, (described above), hereinafter the "dominant estate."

2.     The easement granted in this instrument shall run with the land and shall be appurtenant thereto and shall inure to the benefit of the parties hereto, their heirs, personal representatives, successors and assigns.

3.     The owner of said Lot B, Block B, Capitol Sites Subdivision (described above), without the prior written consent of the owner of said Lot D, Block B, (described above) shall not construct anything on said Lot B, Block B, including fences, trees, shrubs, swimming pool, garage, home or personal property including recreational vehicles that would in any way degrade or restrict the view from said Lot D, Block B.

4.     This easement would not affect the right of the owner of Lot D, Block B to purchase all or a portion of said Lot B, Block B, in which event such easement would not be applicable to the portion so purchased.

IN WITNESS WHEREOF, the parties hereto have executed this agreement this
11 7th day of January, 2000.

GRANTOR

_James D. McClary_
James D. McClary

GRANTEE

_Paul B. Larsen_
Paul B. Larsen

_Iretta N. Larsen_
Iretta N. Larsen

_Maud Squire_
Witness

STATE OF IDAHO       )
                     ) ss
County of ADA        )

On this 11th day of JANUARY, 2000, before me, the undersigned, notary public in and for said State, personally appeared JAMES D. MC CLARY, a single man, known to me to be the person whose name is subscribed to the within and foregoing instrument, and acknowledged to me that he executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

NOTARY PUBLIC for Idaho
Residing at BOISE ID
Commission expires: 2-16-00

STATE OF IDAHO       ) ss
County of Ada        )

On this 11th day of JANUARY, 2000, before me, the undersigned, notary public in and for said State, personally appeared PAUL B. LARSEN and IRETTA N. LARSEN, husband and wife, known to me to be the persons whose names are subscribed to the within and foregoing instrument, and acknowledged to me that they executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

NOTARY PUBLIC for Idaho
Residing at BOISE ID
Commission expires: 7-16-00

GRANT OF EASEMENT, P. 2
20002-01      01/10/00

MIKE WETHERELL



NO._____
                    FILED
A.M._____P.M._____

FEB 1 9 2010

J. DAVID NAVARRO, Clerk
By A. GARDEN
DEPUTY

Wayne V Meuleman, ISB #1419
MEULEMAN MOLLERUP LLP
755 W. Front Street, Suite 200
Boise, Idaho 83702
(208) 342-6066 Telephone
(208) 336-9712 Fax
meuleman@lawidaho.com
I:\4863.002\PLEAD\Summons.doc

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| DONALD KAYSER and MARY KAYSER, <br><br>                 Plaintiffs, <br><br> v. <br><br> PAM JANE McCLARY, an individual <br><br>                 Defendant. | Case No. <br><br> **CV OC 1003121** <br><br> **SUMMONS** |

**NOTICE:**   **YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS.   READ THE INFORMATION BELOW.**

TO:   PAM JANE McCLARY
        4903 Roberts Drive
        Boise, Idaho 83705

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated court within 20 days after service of this Summons on you.  If you fail to so respond the court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

SUMMONS - Page 1

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.  The title and number of this case.

2.  If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.  Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.  Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED: This $\mathcal{V}\mathcal{I}$ day of February, 2010.

CLERK OF THE DISTRICT COURT

J. DAVID NAVARRO, CLERK

By:_____
Deputy      A. GARDEN

SUMMONS - Page 2



NO._____
A.M_____ FILED P.M_____

FEB 1 9 2010

J. DAVID NAVARRO, Clerk
By A. GARDEN
DEPUTY

Wayne V Meuleman, ISB #1419
MEULEMAN MOLLERUP LLP
755 W. Front Street, Suite 200
Boise, Idaho 83702
(208) 342-6066 Telephone
(208) 336-9712 Fax
meuleman@lawidaho.com
I:\4863.002\DISC\McClary Depo Notice.doc

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

DONALD KAYSER and MARY KAYSER,

Plaintiffs,

v.

PAM JANE McCLARY, an individual

Defendant.

Case No. CV OC 1003121

NOTICE OF DEPOSITION OF PAM
JANE McCLARY

Date:   February 25, 2010
Time:   9:30 a.m.
Place:  Meuleman Mollerup LLP
        755 West Front Street, Suite 200
        Boise, Idaho 83702

**TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that Plaintiffs Donald and Mary Kayser, by and through their

attorneys of record herein, will take the testimony on oral examination of **Pam Jane McClary**

("Deponent") before a duly qualified Court Reporter at the at the law offices of Meuleman

Mollerup LLP, 755 West Front Street, Suite 200, Boise, Idaho 83702, on Thursday, February 25,

2010, at 9:30 a.m., then and there to testify in the above-entitled action now pending in the

District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, at which time and place all parties are notified to attend and participate as they may deem appropriate.

A)    Based upon statements made by Deponent to the person who has an agreement to purchase the Plaintiffs' Property and his real estate agent, Deponent is a resident of Denver, Colorado and only occasionally comes to Boise for short periods to care for her properties, including the Easement Property which is the subject of this action.

B)    In order to avoid unnecessary expense and delay and to mitigate damages suffered by Plaintiffs, it is necessary to have the deposition of Ms. McClary while she is present in Boise.

The deposition will continue day-to-day, weekends and holidays excluded, until completed, and shall be taken pursuant to the Idaho Rules of Civil Procedure.

DATED this _18_ day of February 2010.

MEULEMAN MOLLERUP LLP

By:    Wayne V Meuleman
       Attorneys for Plaintiffs

NOTICE OF DEPOSITION OF PAM JANE MCCLARY - Page 2

NO.＿＿＿＿＿＿＿ FILED ＿＿＿＿
A.M.＿＿＿＿＿＿＿＿＿＿＿P.M.＿＿＿

FEB 1 9 2010

J. DAVID NAVARRO, Clerk
By A. BARBEN
DEPUTY

Wayne V Meuleman, ISB #1419
MEULEMAN MOLLERUP LLP
755 W. Front Street, Suite 200
Boise, Idaho 83702
(208) 342-6066 Telephone
(208) 336-9712 Fax
meuleman@lawidaho.com
I:\4863.002\PLEAD\Amended Complaint.doc

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| DONALD KAYSER and MARY KAYSER,<br><br>Plaintiffs,<br><br>v.<br><br>PAM JANE McCLARY, an individual<br><br>Defendant. | Case No. CV OC 1003121<br><br>**AMENDED COMPLAINT** |

COMES NOW, Plaintiffs Donald Kayser and Mary Kayser, by and through their counsel

of record, Meuleman Mollerup LLP, and against Defendant Pam Jane McClary, complain and

allege as follows:

### GENERAL ALLEGATIONS

Plaintiffs are informed and believes, and on that basis alleges, that at all times material

hereto:

1.      Plaintiffs are the owners of a residence at 4848 W. Hillcrest Drive, Boise, Idaho

and more particularly described as Lot D Block B, Capitol Sites Subdivision, Records of Ada

**AMENDED COMPLAINT - Page 1**

County, Idaho (referred to herein as "Plaintiffs' Property").

    2.    Defendant is the owner an unimproved lot adjoining the Plaintiffs property, such unimproved lot is more particularly described as Lot B, Block B, Capitol Sites Subdivision, Records of Ada County, Idaho (referred to herein as the "Easement Property").

    3.    Jurisdiction is proper in this district. This Court has subject matter jurisdiction over this action pursuant to Idaho Code § 1-705 and personal jurisdiction over the above-named Defendant pursuant to Idaho Code § 5-514. Venue is proper in this district under Idaho Code § 5-401 since this action relates to real property situated within this district. The amount in controversy in this lawsuit, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

    4.    The Easement Property is subject to a certain easement evidenced by a Grant of Easement dated January 11, 2000 which was duly recorded on January 12, 2000 in Records of Ada County, Idaho, a copy of which is attached hereto and referred to herein as the "Easement." The Easement was granted to the Plaintiffs' predecessor in title by the Defendant's predecessor in title for the benefit of the Plaintiffs' Property. The Easement limits and restricts construction of improvements on the Easement Property without the consent of the owner of Plaintiffs' Property, specifically prohibiting construction of fences or other improvements that may "in any way degrade or restrict the view from said Lot D, Block B" referring to the Plaintiffs' Property.

    5.    The Plaintiffs have entered into an agreement to sell the Plaintiffs' Property which sale is scheduled to close on February 18, 2010.

    6.    When the Defendant became aware of the Plaintiffs agreement to sell Plaintiffs' Property, Defendant willfully, maliciously and with the intent to interfere with the Plaintiffs sale of Plaintiffs' Property, constructed a fence on Easement Property immediately adjacent to the

Plaintiffs' Property thereby degrading and impairing the view from the Plaintiffs' Property in violation of the expressed provisions of the Easement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

7.      Plaintiffs incorporate each and every allegation set forth in Paragraphs 1 through 6, inclusive, as if set forth herein in full.

8.      Defendant's actions constitute a breach of the Easement.

9.      By reason of the Defendant's actions in the constructing the fence, the persons who entered into the agreement to purchase the Plaintiffs' Property have refused to complete the purchase of the property.

10.      Plaintiffs have been damaged by reason of the Defendants breach of the Easement in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### (Tortious Interference with Contract)

11.      Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 10, inclusive, as if set forth herein in full.

12.      Defendant knowingly and intentionally undertook to construct a fence in violation of the Easement with the specific intent and purpose of interfering with the Plaintiffs' contract to sell the Plaintiffs' Property and Defendant's actions have prevented the pending sale of Plaintiffs' Property.

13.      Plaintiffs have been damaged by reason of the Defendant's wrongful conduct in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (Trespass)

14.     Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 13, inclusive, as if set forth herein in full.

15.     Defendant intentionally and knowingly entered upon the Easement Property, without the consent or permission of the Plaintiffs, for the specific purpose of taking possession Easement Property in a manner contrary to the rights and interest of the Plaintiffs in and to the Easement Property thereby wrongfully trespassing upon the Easement Property.

16.     Plaintiffs have been damaged by reason of the Defendant's trespass and is entitled to damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### (Quiet Title/Injunction)

17.     Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 16, inclusive, as if set forth herein in full.

18.     Plaintiffs' and their successors in interest in the Plaintiffs' Property are entitled to the benefit of the Easement, are entitled to decree confirming the validity of the Easement and enjoining the Defendant from taking any action in violation of the Easement.

19.     Plaintiffs are entitled to an order permanently enjoining Defendant from taking any action in violation of the Easement and ordering Defendant to remove the fence and other improvements constructed on the Easement Property.

WHEREFORE, Plaintiffs pray for judgment as follows:

I.     As to the First, Second and Third Causes of Action, the entry of judgment in favor of Plaintiffs against Defendant as follows:

        a)     In the amount of damages to be proven at trial;

b)      For attorneys' fees and costs incurred herein pursuant to Idaho Code §§ 12-121 and Rule 54(e) of the Idaho Rules of Civil Procedure; and,

c)      For such other and further relief as the Court deems just and proper.

II.      As to the Fourth Cause of Action, the entry of decree declaring the Easement to be valid and binding in accordance with its terms, enjoining the Defendant from taking any action in violation of the Easement and ordering Defendant to remove the fence and other improvements constructed on the Easement Property..

III.      For attorneys' fees and costs incurred herein pursuant to Idaho Code §§ 12-121 and Rule 54(e) of the Idaho Rules of Civil Procedure.

IV.      For such other and further relief as the Court deems just and proper

DATED this 19th day of February 2010.

MEULEMAN MOLLERUP LLP

By:      Jon R. Bauer
         Attorneys for Plaintiffs

NO._____
                    FILED
A.M._____ P.M._____

**FEB 2 4 2010**

J. DAVID NAVARRO, Clerk
By J. RANDALL
DEPUTY

Julie Klein Fischer
MORROW & FISCHER, PLLC
332 N. Broadmore Way, Ste. 102
Nampa, Idaho 83687
Telephone:     (208) 475-2200
Facsimile:      (208) 475-2201
ISB No.:         4601
*jfischer@morrowfischer.com*

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE T̶H̶I̶R̶D̶ Fourth JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF C̶A̶N̶Y̶O̶N̶ Ada

| | |
|---|---|
| DONALD KAYSER and MARY KAY KAYSER,<br><br>        Plaintiffs,<br><br>-vs-<br><br>PAM JANE McCLARY, an individual,<br><br>        Defendants. | **CASE NO.  CV OC 1003121**<br><br>**NOTICE OF APPEARANCE** |

TO:     THE CLERK OF THE ABOVE-ENTITLED COURT, AND WAYNE MEULEMAN,
ATTORNEY FOR PLAINTIFF:

COME NOW, PAM JANE McCLARY, the Defendant by and through her undersigned

attorneys of record, and give their notice of appearance herein, and said law firm hereby appears in

this matter as counsel on behalf of Defendant PAM JANE McCLARY.

NOTICE OF APPEARANCE - 1



DATED this 24th day of February, 2010.

MORROW & FISCHER, PLLC

By _____
Julie Klein Fischer
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing was

served upon the following:

| Wayne V. Meuleman | | |
|---|---|---|
| MEULEMAN MOLLERUP LLP | _____ | US Mail |
| 755 W. Front Street, Suite 200 | _____ | Overnight Mail |
| Boise, Idaho 83702 | _____ | Hand Delivery |
| | ✓ | Facsimile No. 336-9712 |

on this 24th day of February, 2010.

_____
for Morrow & Fischer

T:\Clients\M\McCleary, Pam\Pleadings\Notice of Appearance.doc

NOTICE OF APPEARANCE - 2

NO._____
FILED
A.M._____P.M._____

FEB 2 4 2010

J. DAVID NAVARRO, Clerk
By J. RANDALL
DEPUTY

Julie Klein Fischer
MORROW & FISCHER, PLLC
332 N. Broadmore Way, Ste. 102
Nampa, Idaho 83687
Telephone:     (208) 475-2200
Facsimile:     (208) 475-2201
ISB No.:       4601
jfischer@morrowfischer.com

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

DONALD KAYSER and MARY KAY       )
KAYSER,                          )
                                 )     CASE NO.  CV OC 1003121
          Plaintiffs,            )
                                 )     DEFENDANTS'S MOTION FOR
                                 )     PROTECTIVE ORDER
     -vs-                        )
                                 )
PAM JANE McCLARY, an individual, )
                                 )
          Defendants.            )
                                 )
                                 )
                                 )

COMES NOW, Defendant, by and through its counsel of record, the law firm of

Morrow & Fischer, PLLC, and moves the Court for a protective order under IRCP 26(c)

requiring that Defendant, Pam McClary, not be required to appear at a deposition scheduled for

February 25, 2010.  This protective order is necessary because Plaintiff has not established a

DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

right to depose Plaintiff under Rule 30(b)(2), yet has refused to vacate the deposition. Defendant's position is that leave of court is required before the deposition can be taken pursuant to Rule 30(b)(1).

This Motion is supported by the Affidavit of Julie Klein Fischer filed herewith.

DATED this _____ day of February, 2010.

MORROW & FISCHER, PLLC

By_____
Julie Klein Fischer
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing was served upon the following:

| | | |
|---|---|---|
| Wayne V. Meuleman | _____ | US Mail |
| MEULEMAN MOLLERUP LLP | _____ | Overnight Mail |
| 755 W. Front Street, Suite 200 | _____ | Hand Delivery |
| Boise, Idaho 83702 | ✓ | Facsimile No. 336-9712 |

on this _____ day of February, 2010.

_____
for Morrow & Fischer

DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 2

NO._____
A.M._____ FILED _____ P.M.

FEB 2 4 2010

J. DAVID NAVARRO, Clerk
By J. RANDALL
DEPUTY

Julie Klein Fischer
MORROW & FISCHER, PLLC
332 N. Broadmore Way, Ste. 102
Nampa, Idaho 83687
Telephone:    (208) 475-2200
Facsimile:    (208) 475-2201
ISB No.:    4601
jfischer@morrowfischer.com

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE ~~THIRD~~ Fourth JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ~~CANYON~~ Ada

| | |
|---|---|
| DONALD KAYSER and MARY KAY KAYSER,<br><br>   Plaintiffs,<br><br>-vs-<br><br>PAM JANE McCLARY, an individual,<br><br>   Defendants. | CASE NO.  CV OC 1003121<br><br>**AFFIDAVIT OF JULIE KLEIN FISCHER IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

JULIE KLEIN FISCHER, being first duly sworn, upon oath, states as follows:

1.  I am an attorney with the law firm Morrow & Fischer, PLLC.  We represent Pam McClary and are filing a Notice of Appearance in the above-captioned matter simultaneously with this affidavit.

2.  Ms. McClary owns real property in Ada County, Idaho although she resides in Denver.

AFFIDAVIT OF JULIE KLEIN FISCHER IN SUPPORT OF DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 1



3. Ms. McClary grew up in the Treasure Valley and owns real property in Ada County, Idaho. The property was inherited, and she currently is attempting to "fix it up" and sell the same.

4. Ms. McClary's resides in Denver, Colorado.

5. On February 19, 2010 Ms. McClary was served with a Complaint and Summons in this matter. On the same date, she was served with a Notice of Deposition scheduling her deposition for February 25, 2010. A copy of the Notice of Deposition is attached hereto as Exhibit A.

6. I was out of town when my client was served although I had communicated with Plaintiff's counsel, Jonathan Bauer, on February 19, 2010, via email, regarding this matter. Prior to that, I also had a telephone conversation the Plaintiff, Don Kayser, who contacted me before retaining counsel, as well as with his former attorney Steve Grant. Thus, at the time Ms. McClary was served with the Deposition Notice, both Plaintiff and his counsel were fully aware of my representation of Ms. McClary.

7. On February 23, 2010 I sent a letter to counsel explaining the inapplicability of Rule 30(b)(2) (which presumably counsel relied upon in scheduling the deposition). I also explained our belief that leave of court would be required should Plaintiff want to depose Ms. McClary *before* March 19, 2010 (*i.e.* 30 days after the date the Complaint and Summons were served – pursuant to Rule 30(b)). A copy of my letter to Mr. Meuleman is attached hereto as Exhibit B.

8. On February 23, 2010 in response to my letter, Mr. Meuleman sent me the email communication which is attached hereto as Exhibit C. The email indicates he is only willing to vacate the deposition if another date, in the near future, can be arranged.

9. I responded, via email, to Mr. Meuleman on February 23, 2010 and a copy of the response is attached hereto as Exhibit D.

10. On February 24, 2010 I received another email from Mr. Meuleman stating he would not vacate the February 25, 2010 deposition until I had provided him with alternative dates for Ms. McClary's deposition. The February 24 email is attached hereto as Exhibit E. My response to the Exhibit E email is attached as Exhibit F.

11. Notably, we have made it clear that Ms. McClary will be available for a deposition in the near future, and provided dates for the same. Likewise, because Mr. Kayser lives part of the year in Arizona, we have asked Plaintiff to reciprocate by making Mr. Kayser available.

12. Mr. Meuleman has responded only that he "must" depose Ms. McClary before next Wednesday although it is not clear why. In addition, Plaintiff is only willing to appear for a deposition by telephone, according to Mr. Meuleman's last email attached as Exhibit G.

13. Our last response attempting to resolve the matter is attached as Exhibit H.

14. We have made a good faith effort to accommodate Plaintiff's request for a deposition (before the thirty day required time) even though we find no basis for the same. Nonetheless, Plaintiff continues to demand a deposition either tomorrow or before next Wednesday. My schedule is very full and my firm is holding an open house tomorrow which has been scheduled for months. For these reasons, Defendant is respectfully requesting a protective order.

Further your affiant sayeth naught.

AFFIDAVIT OF JULIE KLEIN FISCHER IN SUPPORT OF DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 3

Julie Klein Fischer

SUBSCRIBED and SWORN to before me this 24th day of February, 2010.

Notary Public for the State of Idaho
Residence: _Nampa Idaho._
Commission Expires: _7/22/2014_

(Seal)

# EXHIBIT A



COPY

NO._____
A.M._____ FILED _____P.M.

FEB 1 9 2010

J. DAVID NAVARRO, Clerk
By A. GARDEN
DEPUTY

Wayne V Meuleman, ISB #1419
MEULEMAN MOLLERUP LLP
755 W. Front Street, Suite 200
Boise, Idaho 83702
(208) 342-6066 Telephone
(208) 336-9712 Fax
meuleman@lawidaho.com
I:\4863.002\DISC\McClary Depo Notice.doc

Attorneys for Plaintiffs


IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| DONALD KAYSER and MARY KAYSER,<br><br>Plaintiffs,<br><br>v.<br><br>PAM JANE McCLARY, an individual<br><br>Defendant. | CV Case No. 1003121<br><br>**NOTICE OF DEPOSITION OF PAM JANE MCCLARY**<br><br>**Date:** **February 25, 2010**<br>**Time:** **9:30 a.m.**<br>**Place:** **Meuleman Mollerup LLP**<br>     **755 West Front Street, Suite 200**<br>     **Boise, Idaho 83702** |

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

    **PLEASE TAKE NOTICE** that Plaintiffs Donald and Mary Kayser, by and through their

attorneys of record herein, will take the testimony on oral examination of **Pam Jane McClary**

("Deponent") before a duly qualified Court Reporter at the at the law offices of Meuleman

Mollerup LLP, 755 West Front Street, Suite 200, Boise, Idaho 83702, on Thursday, February 25,

2010, at 9:30 a.m., then and there to testify in the above-entitled action now pending in the

District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, at which time and place all parties are notified to attend and participate as they may deem appropriate.

A)      Based upon statements made by Deponent to the person who has an agreement to purchase the Plaintiffs' Property and his real estate agent, Deponent is a resident of Denver, Colorado and only occasionally comes to Boise for short periods to care for her properties, including the Easement Property which is the subject of this action.

B)      In order to avoid unnecessary expense and delay and to mitigate damages suffered by Plaintiffs, it is necessary to have the deposition of Ms. McClary while she is present in Boise.

The deposition will continue day-to-day, weekends and holidays excluded, until completed, and shall be taken pursuant to the Idaho Rules of Civil Procedure.

DATED this __18__ day of February 2010.

MEULEMAN MOLLERUP LLP

By: _____
        Wayne V Meuleman
        Attorneys for Plaintiffs

# EXHIBIT B



**MORROW & FISCHER**

ATTORNEYS AT LAW

332 N. Broadmore Way, Ste. 102
Nampa, Idaho  83687
208-475-2200
Fax 208-475-2201
www.morrowfischer.com

February 23, 2010

**Via Facsimile and E-mail**
Wayne Meuleman
Meuleman Mollerup, LLP
755 W. Front Street, Suite 200
Boise, Idaho 83702

*Re: Kayser v. McClary*

Dear Mr. Meuleman:

As you know, we are counsel for Pam McClary.   Although we have not appeared in the above-referenced matter, we received a copy of the *Notice of Deposition of Pam McClary* filed by your office on February 19, 2010.    The Notice was served on the same date that Ms. McClary was served with the Complaint and Summons, and is scheduled for February 25, 2010.

Setting aside that I am not available on February 25, the *Notice* does not comply with the requirements of IRCP 30(b)(2), and we believe you are required to obtain leave of court to depose Ms. McClary within 30 days of serving the Complaint.

Specifically, even though Ms. McClary does reside in Denver, Colorado your certified statement fails to recite facts that Ms. McClary is about to leave the fourth judicial district. Rather you simply state Ms. McClary does not live here which is not the standard under the Rule.   Additionally, you failed to include facts regarding why you (or someone else) believes Ms. McClary will not be available if she is not deposed immediately.  In fact, your statement that Ms. McClary visits Boise "occasionally" suggests just the opposite.

Had your office contacted me, I gladly would have provided you with accurate and reliable information about Ms. McClary's availability for a deposition.  In any event, for the foregoing reasons, Ms. McClary will not appear on February 25, 2010 for a deposition unless you first obtain leave of court.

William A. Morrow    ◆    Julie Klein Fischer    ◆    Shelli D. Stewart

Wayne Meuleman
February 23, 2010
Page 2


On the other hand, if you'd like to simply discuss scheduling Ms. McClary's deposition in the time allowed under the rules, please give me a call.

Sincerely,

MORROW & FISCHER, PLLC

Julie Klein Fischer

cc:   Client

```
┌─────────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT         │
└─────────────────────────────────────────┘

                              TIME  : 02/23/2010 14:23
                              NAME  : MORROWFISCHER
                              FAX   : 2084752201
                              TEL   : 2084752200
                              SER.# : BROH8J850483


┌─────────────────────────────────────────────────────────────┐
│   DATE,TIME              02/23  14:23                         │
│   FAX NO./NAME           93369712                             │
│   DURATION               00:00:27                             │
│   PAGE(S)                03                                   │
│   RESULT                 OK                                   │
│   MODE                   STANDARD                             │
│                          ECM                                  │
└─────────────────────────────────────────────────────────────┘
```

# MORROW & FISCHER

**ATTORNEYS AT LAW**

332 N. Broadmore Way, Ste. 102
Nampa, Idaho  83687
208-475-2200
Fax 208-475-2201
www.morrowfischer.com

# Facsimile

**DATE:**   February 23, 2010

**TO:**   **Meuleman Mollerup, LLP**

**ATTN:**   **Wayne Meuleman**

**FAX NO.:**   336-9712

**FROM:**   Julie Klein Fischer / Valerie

**PAGES:**   3
(Incl. Cover Page)

*RE:*   *Kayser v. McClary*

**COMMENTS:**   Please see the attached:

   1.  Letter dated February 23, 2010.

**ORIGINAL:**   ❑ Will NOT follow       ❑ Will follow by U.S. Mail       ❑ Will follow by
electronic mail



# MORROW & FISCHER

**ATTORNEYS AT LAW**

332 N. Broadmore Way, Ste. 102
Nampa, Idaho  83687
208-475-2200
Fax 208-475-2201
www.morrowfischer.com

# Facsimile

DATE:            February 23, 2010

**TO:**            **Meuleman Mollerup, LLP**

**ATTN:**          **Wayne Meuleman**

FAX NO.:         336-9712

FROM:            Julie Klein Fischer / Valerie

PAGES:           3
(Incl. Cover Page)

*RE:*            *Kayser v. McClary*

COMMENTS:   Please see the attached:

　　　　　　　　1.  Letter dated February 23, 2010.


ORIGINAL:   ❑ Will NOT follow          ❑ Will follow by U.S. Mail          ❑ Will follow by
            electronic mail

*CONFIDENTIALITY NOTICE*

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the ATTORNEY-CLIENT PRIVILEGE.  This information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

If you do not receive all pages, please call Laura as soon as possible at (208) 475-2200.

William A. Morrow    ◆    Julie Klein Fischer    ◆    Shelli D. Stewart

**Valerie Pinto**

| | |
|---|---|
| **From:** | Valerie Pinto |
| **Sent:** | Tuesday, February 23, 2010 1:16 PM |
| **To:** | 'meuleman@lawidaho.com' |
| **Subject:** | FW: Attached File from Morrow & Fischer |
| **Attachments:** | 1471_001.pdf |

Mr. Meuleman:

Attached please find our letter to you dated February 23, 2010.  Please feel free to call should you have any questions.

**Valerie Pinto**
Paralegal

**MORROW & FISCHER**

**ATTORNEYS AT LAW**

332 North Broadmore, Suite 102
Nampa, Idaho 83687
Phone (208) 475-2200
Fax   (208) 475-2201
vpinto@morrowfischer.com
www.morrowfischer.com

*The information contained in this email is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity listed in the subject line. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please immediately notify us by reply email or telephone at (208) 475-2200, and delete/destroy the original message. Thank you.*

**From:** Morrow & Fischer [mailto:IR5050@morrowfischer.com]
**Sent:** Tuesday, February 23, 2010 2:13 PM
**To:** Valerie Pinto
**Subject:** Attached File from Morrow & Fischer

# EXHIBIT C

## Julie Fischer

**From:**             Wayne Meuleman [meuleman@lawidaho.com]
**Sent:**             Tuesday, February 23, 2010 4:22 PM
**To:**                Julie Fischer
**Subject:**        Pam McClary

Julie,

       I have your letter regarding the deposition of your client scheduled for this Thursday.  I am willing to reschedule her deposition provided there is not a long delay.  When will your client be leaving Boise?  As you know, your client has constructed a solid fence along Kayser's property line in order to disrupt the pending sale of Kayser's property.  In order for my clients to mitigate damages and hopefully preserve the sale of their property, it is necessary that we have any facts which may support your client's position very soon.  I am sure we can find a date very soon for the deposition that will accommodate your schedule.  I telephone your office earlier and left a message.  Please call as soon as possible. Thank you.

Wayne Meuleman
**Meuleman Mollerup** LLP
755 W. Front Street, Suite 200
Boise, ID  83702
phone: 208.342.6066
fax:  208.336.9712
email: meuleman@lawidaho.com
http://www.lawidaho.com

**CONFIDENTIALITY NOTICE:** This e-mail and any attachments may contain confidential or privileged information. If you are not the intended recipient, you are not authorized to use or distribute any information included in this e-mail or its attachments.  If you receive this e-mail in error, please delete it from your system and contact the sender.

# EXHIBIT D

**Julie Fischer**

| | |
|---|---|
| **From:** | Julie Fischer |
| **Sent:** | Tuesday, February 23, 2010 6:50 PM |
| **To:** | Wayne Meuleman |
| **Subject:** | RE: Pam McClary |

Wayne,

Thank you for responding to my letter.  I was in Boise in meetings this afternoon and only now got your message.   I will visit with Ms. McClary about her availability and do my best to get back to you tomorrow about when she is leaving,  and will be back.    Likewise, please let me know Mr. Kayser's availability for a deposition as it would be good to depose him when Ms. McClary is available.

Also, in response to your other comments, and as you know from my email to Mr. Bauer last week, Ms. McClary did not construct the fence in order to disrupt a pending sale of the Kaysers' property. I will leave it at that.

Julie Klein Fischer



**MORROW & FISCHER**

ATTORNEYS AT LAW

332 North Broadmore, Suite 102
Nampa, Idaho 83687
Phone (208) 475-2200
Fax     (208) 475-2201
jfischer@morrowfischer.com
www.morrowfischer.com

*The information contained in this email is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual o entity listed in the subject line. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please immediately notify us by reply email or telephone at (208) 475-2200, and delete/destroy the original message. Thank you.*

**From:** Wayne Meuleman [mailto:meuleman@lawidaho.com]
**Sent:** Tuesday, February 23, 2010 4:22 PM
**To:** Julie Fischer
**Subject:** Pam McClary

Julie,

        I have your letter regarding the deposition of your client scheduled for this Thursday.  I am willing to reschedule her deposition provided there is not a long delay.  When will your client be leaving Boise?  As you know, your client has

constructed a solid fence along Kayser's property line in order to disrupt the pending sale of Kayser's property.  In order for my clients to mitigate damages and hopefully preserve the sale of their property, it is necessary that we have any facts which may support your client's position very soon.  I am sure we can find a date very soon for the deposition that will accommodate your schedule.  I telephone your office earlier and left a message.  Please call as soon as possible. Thank you.

Wayne Meuleman
**Meuleman Mollerup** LLP
755 W. Front Street, Suite 200
Boise, ID  83702
phone: 208.342.6066
fax:  208.336.9712
email: meuleman@lawidaho.com
http://www.lawidaho.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential or privileged information. If you are not the intended recipient, you are not authorized to use or distribute any information included in this e-mail or its attachments.  If you receive this e-mail in error, please delete it from your system and contact the sender.

# EXHIBIT E

## Julie Fischer

| | |
|---|---|
| **From:** | Wayne Meuleman [meuleman@lawidaho.com] |
| **Sent:** | Wednesday, February 24, 2010 1:49 PM |
| **To:** | Julie Fischer |
| **Subject:** | RE: Pam McClary |

Julie, please let me know soon the date you propose for your client's deposition. I cannot withdraw the pending notice of deposition for tomorrow until we have an acceptable alternative. Thanks.

Wayne Meuleman
**Meuleman Mollerup** LLP
755 W. Front Street, Suite 200
Boise, ID 83702
phone: 208.342.6066
fax: 208.336.9712
email: meuleman@lawidaho.com
http://www.lawidaho.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential or privileged information. If you are not the intended recipient, you are not authorized to use or distribute any information included in this e-mail or its attachments. If you receive this e-mail in error, please delete it from your system and contact the sender.

**From:** Julie Fischer [mailto:jfischer@morrowfischer.com]
**Sent:** Tuesday, February 23, 2010 6:50 PM
**To:** Wayne Meuleman
**Subject:** RE: Pam McClary

Wayne,

Thank you for responding to my letter. I was in Boise in meetings this afternoon and only now got your message. I will visit with Ms. McClary about her availability and do my best to get back to you tomorrow about when she is leaving, and will be back. Likewise, please let me know Mr. Kayser's availability for a deposition as it would be good to depose him when Ms. McClary is available.

Also, in response to your other comments, and as you know from my email to Mr. Bauer last week, Ms. McClary did not construct the fence in order to disrupt a pending sale of the Kaysers' property. I will leave it at that.

Julie Klein Fischer



**MORROW & FISCHER**
ATTORNEYS AT LAW

332 North Broadmore, Suite 102
Nampa, Idaho 83687
Phone (208) 475-2200
Fax    (208) 475-2201

1

# EXHIBIT F

**Julie Fischer**

| | |
|---|---|
| **From:** | Julie Fischer |
| **Sent:** | Wednesday, February 24, 2010 1:56 PM |
| **To:** | Wayne Meuleman |
| **Subject:** | RE: Pam McClary |

Wayne,

As you know, our position is that you need leave of court to take the deposition tomorrow. Also, even if we do not have alternative dates, the information I provided to you regarding Pam's availability negates your ability to depose her pursuant to 30(b)(2).  The fact you simply want to depose her *soon* is not a basis under 30(b)(2) for an expedited deposition.   Further, you have not responded to our inquiry about Mr. Kayser's availability.   I would like for both of us to cooperate on this front.

That being said, I believe my assistant spoke with Pam a short while ago so I will connect with her on what dates may be open.

Julie

**From:** Wayne Meuleman [mailto:meuleman@lawidaho.com]
**Sent:** Wednesday, February 24, 2010 1:49 PM
**To:** Julie Fischer
**Subject:** RE: Pam McClary

Julie, please let me know soon the date you propose for your client's deposition.  I cannot withdraw the pending notice of deposition for tomorrow until we have an acceptable alternative.  Thanks.

Wayne Meuleman
**Meuleman Mollerup** LLP
755 W. Front Street, Suite 200
Boise, ID 83702
phone: 208.342.6066
fax:  208.336.9712
email: meuleman@lawidaho.com
http://www.lawidaho.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential or privileged information. If you are not the intended recipient, you are not authorized to use or distribute any information included in this e-mail or its attachments.  If you receive this e-mail in error, please delete it from your system and contact the sender.

**From:** Julie Fischer [mailto:jfischer@morrowfischer.com]
**Sent:** Tuesday, February 23, 2010 6:50 PM
**To:** Wayne Meuleman
**Subject:** RE: Pam McClary

Wayne,

# EXHIBIT G

## Julie Fischer

| | |
|---|---|
| **From:** | Wayne Meuleman [meuleman@lawidaho.com] |
| **Sent:** | Wednesday, February 24, 2010 3:58 PM |
| **To:** | Julie Fischer |
| **Cc:** | mc.pam@comcast.net |
| **Subject:** | RE: |

Julie,

As concerns a deposition of Mr. Kayser, he is presently in Arizona but can be available for a telephone deposition at any reasonable time. As concerns the deposition of your client, it is necessary for me to have that deposition by Wednesday next week in order to hopefully salvage the pending sale scheduled now to close March 8th. If that is not acceptable, then I guess you should file your motion for protective order—I will be available this afternoon or tomorrow morning prior to the deposition to address a hearing on your motion with the Court. Please let me know how you plan to proceed. Thank you.

Wayne Meuleman
**Meuleman Mollerup** LLP
755 W. Front Street, Suite 200
Boise, ID  83702
phone: 208.342.6066
fax:  208.336.9712
email: meuleman@lawidaho.com
http://www.lawidaho.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential or privileged information. If you are not the intended recipient, you are not authorized to use or distribute any information included in this e-mail or its attachments. If you receive this e-mail in error, please delete it from your system and contact the sender.

**From:** Julie Fischer [mailto:jfischer@morrowfischer.com]
**Sent:** Wednesday, February 24, 2010 2:41 PM
**To:** Wayne Meuleman
**Cc:** mc.pam@comcast.net
**Subject:**

Wayne,

Ms. McClary and I both could be available for her deposition on March 11 or 12 in Boise.   Our agreement to allow her deposition before expiration of 30 days from  service of the complaint is contingent upon you making Mr. Kayser available for his deposition sometime in March – in Boise.   Please let me know immediately as I am preparing a motion for protective order which will be filed shortly if we don' t have an agreement.

Thank you.

Julie

Julie Klein Fischer



**MORROW & FISCHER**

ATTORNEYS AT LAW

332 North Broadmore, Suite 102
Nampa, Idaho 83687
Phone (208) 475-2200

1

# EXHIBIT H

**Julie Fischer**

| | |
|---|---|
| **From:** | Julie Fischer |
| **Sent:** | Wednesday, February 24, 2010 4:03 PM |
| **To:** | Wayne Meuleman |
| **Subject:** | RE: |

Please understand we want to be reasonable.  However, I'm not sure I understand how saving the sale is tied to a deposition on or before Wednesday.    I also provided you with the dates both Pam and I are available.   Without more information about the need for this immediate deposition, and how that helps your position with respect to the sale, I am not willing to juggle my other commitments to accommodate.

I will file the motion for protective order, and with any luck we can work this out before a hearing.

Julie

---

**From:** Wayne Meuleman [mailto:meuleman@lawidaho.com]
**Sent:** Wednesday, February 24, 2010 3:58 PM
**To:** Julie Fischer
**Cc:** mc.pam@comcast.net
**Subject:** RE:

Julie,

       As concerns a deposition of Mr. Kayser, he is presently in Arizona but can be available for a telephone deposition at any reasonable time.  As concerns the deposition of your client, it is necessary for me to have that deposition by Wednesday next week in order to hopefully salvage the pending sale scheduled now to close March 8th.  If that is not acceptable, then I guess you should file your motion for protective order—I will be available this afternoon or tomorrow morning prior to the deposition to address a hearing on your motion with the Court.  Please let me know how you plan to proceed.  Thank you.

Wayne Meuleman
**Meuleman Mollerup** LLP
755 W. Front Street, Suite 200
Boise, ID  83702
phone: 208.342.6066
fax:  208.336.9712
email: meuleman@lawidaho.com
http://www.lawidaho.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments may contain confidential or privileged information. If you are not the intended recipient, you are not authorized to use or distribute any information included in this e-mail or its attachments.  If you receive this e-mail in error, please delete it from your system and contact the sender.

---

**From:** Julie Fischer [mailto:jfischer@morrowfischer.com]
**Sent:** Wednesday, February 24, 2010 2:41 PM
**To:** Wayne Meuleman
**Cc:** mc.pam@comcast.net
**Subject:**

Wayne V Meuleman, ISB #1419
MEULEMAN MOLLERUP LLP
755 West Front Street, Suite 200
Boise, Idaho 83702
Telephone: (208) 342-6066
Facsimile: (208) 336-9712
meuleman@lawidaho.com
i:\4863.002\DISc\DepNot-Amended-P.J. McClary.doc

Attorneys For Plaintiffs Donald Kayser and Mary Kayser

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| | **Case No. CV OC 10-03121** |
| DONALD KAYSER and MARY KAYSER, | *AMENDED* **NOTICE OF DEPOSITION** |
| Plaintiffs, | **OF PAM JANE McCLARY** |
| v. | **Date:** March 11, 2010 |
| | **Time:** 9:30 a.m. |
| PAM JANE McCLARY, an individual, | **Place:** Meuleman Mollerup LLP |
| | 755 West Front Street, Suite 200 |
| Defendant. | Boise, Idaho 83702 |
| | 208/342-6066 |

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that Plaintiffs Donald Kayser and Mary Kayser, by and through

their attorneys of record herein, will take the testimony on oral examination of **Pam Jane McClary**

before a duly qualified Court Reporter at the law offices of Meuleman Mollerup LLP, 755 West

Front Street, Suite 200, Boise, Idaho 83702, on Thursday, March 11, 2010, at 9:30 a.m., then and



there to testify in the above-entitled action now pending in the District Court of the Fourth Judicial

District of the State of Idaho, in and for the County of Ada, at which time and place all parties are

notified to attend and participate as they may deem appropriate.

Said deposition will continue day-to-day, weekends and holidays excluded, until completed.,

and shall be taken pursuant to the Idaho Rules of Civil Procedure.

DATED this 26th day of February 2010.

MEULEMAN MOLLERUP LLP

BY: _____
Wayne V Meuleman
Attorneys For Plaintiffs
Donald Kayser and Mary Kayser

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 26th day of February 2010, a true and correct copy of the foregoing document was served by the method indicated below upon the following party(ies):

> Julie Klein Fischer, Esq.
> Morrow & Fischer, PLLC
> 332 North Broadmore Way, Suite 102
> Nampa, Idaho 83687
> Telephone:  208/475-2200
> Facsimile:  208/475-2201
> jfischer@morrowfischer.com
> *Counsel For Defendant*

☑ U.S. Mail    ☐ Hand Delivered    ☐ Overnight Mail    ☐ Facsimile

<u>With a copy *via* facsimile and United States Mail to</u>:

> M & M Court Reporting Service, Inc.
> 421 West Franklin Street
> Post Office Box 2636
> Boise, Idaho 83701-2636

Wayne V Meuleman