Julie Klein Fischer
MORROW & FISCHER, PLLC
332 N. Broadmore Way, Ste. 102
Nampa, Idaho 83687
Telephone:    (208) 475-2200
Facsimile:    (208) 475-2201
ISB No.:      4601
jfischer@morrowfischer.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD KAYSER and MARY KAY KAYSER,<br><br>    Plaintiffs,<br><br>-vs-<br><br>PAM JANE McCLARY, an individual,<br><br>    Defendant. | CASE NO. CV 10-00119-REB<br><br>**AFFIDAVIT OF DEBRA SIPIORA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

STATE OF WASHINGTON )
                    :ss
County of _Whitman_ )

Debra Sipiora, being first duly sworn, deposes and says:

1.    I am a Licensed Practical Nurse authorized to practice in the State of Idaho.

2.    I am over the age of eighteen, and make this affidavit based on my own personal knowledge of the statements made herein.

AFFIDAVIT OF DEBRA SIPIORA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 1

3. In approximately 1999 and 2000 I worked as a home health care professional providing aid and service to James ("Jim") McClary. I worked in Mr. McClary's home located on Roberts Road, Boise, Idaho, which is where he resided at the time. He appeared to be very happy in the environment that he had created for himself- including the park setting of the lot next door. He would state that, "As long as I live nothing will be built there...."

4. Although I do not recall my exact dates of employment with Mr. McClary, I remember being employed and staying with Jim on New Years Eve of 2000. I specifically recall that date because his daughter left a generator in the garage in the event there were issues with power outages during Y2K. I also recall just before Christmas 1999 Mr. McClary was hospitalized for several weeks. It was not clear to me at that time if he would be able to return home, but he was released just before Christmas.

4. During my employment I worked approximately forty hours each week at the McClary home. My shift was typically 3:00 p.m. to 7:00 a.m.

5. In late 1999 and early 2000 Mr. McClary required twenty-four hour care and assistance and I would not have been comfortable leaving him alone.

5. In late 1999 and 2000 Mr. McClary was suffering from congestive heart failure. He was diabetic and his health was very poor. I recall it was always a challenge to keep Mr. McClary's blood oxygen levels in an appropriate range. His O2 levels were commonly below ninety percent (compared to normal levels of 97-99 percent) and he often refused to use oxygen. I understood had a right to refuse oxygen, but it always was a concern to me. Low oxygen levels affected his ability to function and focus on simple tasks.

6. Mr. McClary also had been diagnosed with Peripheral Neuropathy ("PN"). This

AFFIDAVIT OF DEBRA SIPIORA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 2

condition involves the nerves that carry information to and from the brain and spinal cord. It can produce pain, loss of sensation (numbness) and/or an inability to control muscles. For Mr. McClary I recall the PN affected his hands and feet and caused him to experience pain and tenderness. Because it was painful, Mr. McClary took a number of medications, including over the counter Tylenol. I specifically recall Tylenol because Mr. McClary would sometime use an entire, large size bottle of Tylenol per week, which was an enormous amount for him to take.

7. When I worked for Mr. McClary I was in charge of the evening meal and assisting him with his evening medications. Without reviewing records I cannot recall all that he was taking. I do remember that before going to bed he would take the prescription medication Ambien from his bathroom medicine cabinet and dosing himself before bed.

8. During the times I was working for Mr. McClary he was not able to hear well and did not use hearing aids. If he took a phone call, which was rare, he would have me turn the volume up as loud as it would go so he could hear the person on the other end. I also found that talking to him was more effective if I looked straight at him so he could see my lips and follow what I was saying. Mr. McClary was not deaf, but he was hard of hearing in late 1999 and early 2000.

9. I recall Mr. McClary being very reclusive during the time I worked for him. Mr. McClary did not like to take phone calls and would not answer the phone. I almost always answered any incoming calls. Mr. McClary also did not appear to like visitors. My impression of him, based on his behavior and my interactions with him, was he wanted to be left alone. I don't recall him receiving many visitors, other than his daughter, Pam. Mr. McClary did very little other than watch television (with the volume very loud), and sleep.

10. I am aware through this lawsuit that Mr. McClary signed a legal document in January

AFFIDAVIT OF DEBRA SIPIORA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 3

2000 granting an easement over the grassy lot beside his home on Roberts Road. Based on my observations and interaction with Mr. McClary; my knowledge of the medications he was taking; my knowledge of his health condition, including his refusal to use oxygen as recommended; and his impaired hearing, I find it very difficult to believe he would have understood what he was doing, or even cared to understand in January 2000. I also am personally troubled that anyone who observed Mr. McClary during that time period would ask a man in his obvious condition to execute a legal document.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Debra Sipiora

SUBSCRIBED AND SWORN to before me this __1__ day of __July__, 2010.

(SEAL)
Notary Public
State of Washington
KATHERINE ANN WRIDE
My Appointment Expires Apr 1, 2014

_____
Notary Public for ~~Idaho~~ Washington
My commission expires: 4-1-2014

AFFIDAVIT OF DEBRA SIPIORA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of July 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Wayne Meuleman | Anna Eberlin |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| *meuleman@lawidaho.com* | *aeberlin@lawidaho.com* |

                                      /s/ Julie Klein Fischer
                                      for MORROW & FISCHER, PLLC

T:\Clients\M\McClary, Pam\Pleadings\Summary Judgment\Affidavit opposing SJ.Sipiora.doc