Wayne V. Meuleman, ISB #1419
Anna E. Eberlin, ISB #7718
MEULEMAN MOLLERUP LLP
755 W. Front Street, Suite 200
Boise, Idaho 83702
(208) 342-6066 Telephone
(208) 336-9712 Fax
meuleman@lawidaho.com
I:\4863.002\Federal Pleadings\Summary Judgment (Reply).doc

Attorneys for Plaintiffs

UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD KAYSER and MARY KAYSER,<br><br>Plaintiffs,<br><br>v.<br><br>PAM JANE McCLARY, an individual<br><br>Defendant. | Case No. 10-119<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

COME NOW Donald Kayser and Mary Kayser ("Plaintiffs" or "Kaysers"), by and through their attorneys of record, Meuleman Mollerup, LLP, and file their Reply in Support of Plaintiffs' Motion for Partial Summary Judgment.

## I.
## INTRODUCTION

Plaintiffs' have demonstrated in their Motion for Partial Summary Judgment that they are bona fide purchasers for value of the Benefitted Lot and the accompanying Easement and that they are entitled to judgment as a matter of law. *See* Memorandum in Support of Plaintiffs'

REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - Page 1

Motion for Partial Summary Judgment ("Plaintiffs' Memorandum"). Defendant has presented no material facts—indeed, no evidence whatsoever—disputing that the Kaysers' are bona fide purchasers. Thus, under I.C. § 55-606 and relevant case law, title to the Benefitted Lot and the accompanying Easement must be quieted in Plaintiffs because there are no genuine issues of material fact preventing judgment as a matter of law in their favor.

Defendant Pam Jane McClary ("McClary" or "Defendant") submits five affidavits and seventeen pages of argument in opposition based almost exclusively on Defendant's claim that Mr. Jim McClary was not competent to execute the written Easement at issue and that the Easement fails for lack of consideration. These affidavits do not address the Kaysers' status as bona fide purchasers and amount to nothing more than "revisionist history" and conclusory opinions that are insufficient to oppose summary judgment.

In short, allegations of supposed underlying defects in the Easement as between Mr. McClary and the Larsens that were unknown to the Kaysers do not affect their status as bona fide purchasers. Even if it were assumed for purposes of this motion that Mr. McClary were incompetent or that the Larsens gave no consideration for the Easement, Plaintiffs' rights under the Easement would be unaffected because they are bona fide purchasers for value.

## II.
## ARGUMENT

**A.      Defendant Has Not Met the Standard to Successfully Oppose Summary Judgment.**

Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. *Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). "The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Id.*

The non-moving party must respond to the summary judgment motion with *specific facts* showing there is a genuine issue for trial. *Id.* Conclusory allegations unsupported by facts are insufficient to defeat a summary judgment motion. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). "Unsupported allegations made in briefs are not sufficient, however, to defeat a motion for summary judgment." *Stanley v. University of Southern California*, 178 F.3d 1069, 1077 (9th Cir. 1999).

Defendant has not created a genuine issue of material fact that prevents summary judgment for Plaintiffs. Defendant has not submitted any facts contradicting the Kaysers' status as bona fide purchasers. Instead, they have presented unsupported assertions and conclusions which are not enough to prevent summary judgment.[1]

**B.     Defendant Has Not Presented Any Evidence that the Kaysers Were *Not* BFPs.**

As stated above, in summary judgment proceedings, a party may not rely upon general or conclusory allegations, unsupported by specific facts. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). Conversely, in order to prevent the entry of summary judgment against him, a party must make a showing with factual details of specificity equal to those furnished by his opponent. *Id.* Because Defendant has presented no evidence to rebut the

---

[1] The competency of Jim McClary is not an issue before the Court unless Defendant can show that the Kaysers were aware of or had reason to suspect his competency. Defendant has utterly failed to make such a showing. Moreover, the affidavits submitted by Defendant do not establish that Jim McClary was incompetent when the Grant of Easement was executed. Defendant asserts without citing to any supporting evidence that "On the date Mr. McClary signed the Easement agreement, he was not of sound mind." However, each of the affidavits simply state that he may or may not have been competent at that time because he may or may not have been taking medications and on oxygen. There are no facts in the record that dispute Rex Larsen's testimony that Mr. McClary was alert and understood the Easement on the day he executed the Grant of Easement. *See* the transcript of the Rex Larsen Deposition, p. 49, l. 6 – p. 50, l. 17; p. 82, l. 15 – p. 87, l. 8; p. 90, l. 24 – p. 93, l. 16, attached as Exhibit A to the Affidavit of Julie Klein Fischer in Support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment. The affidavits only contain conclusory opinions regarding Jim McClary's competency surrounding that particular time period, but nothing specific as to the day the Easement was executed. Interestingly, Pam McClary testifies that although in her opinion her father was "frail" and "under constant care", he was apparently well enough to host an engagement party at his home for Pam and her fiancé, having just met the fiancé for the first time. *See*, the Affidavit of Pam McClary, ¶ 8(a); *see also* the Deposition of Pam McClary, p. 32, l. 12 – p. 36, l. 9; p. 37, l. 24 – p. 38, l. 1.

Kaysers' showing that they are bona fide purchasers, summary judgment must be granted in favor of the Kaysers.

Instead of supporting her position by specific facts, Defendant makes the conclusory assertions, with no factual support whatsoever, that "[t]he Kaysers were fully aware the Easement was obtained without consideration and under suspect conditions", that they "did not acquire the Easement in good faith", and that Mr. Kayser "was aware of Mr. McClary's declining health and that Mr. McClary was under the supervision of caregivers."[2] These assertions are mere self-serving conclusions unsupported by competent evidence, leaving the Kaysers' evidence uncontradicted.

As the Kaysers have previously testified, they conditioned their offer to purchase the Benefitted Property upon the presentation of satisfactory documentation that the view would be preserved across the Easement Lot, as advertised in the listing agreement. To satisfy this condition, the sellers presented the Grant of Easement, fully executed, acknowledged and recorded. In reliance on the written Easement, the Kaysers purchased the Benefitted Lot and the interest in the Grant of Easement. They had no reason to believe the Easement was unenforceable and Defendant has failed to produce a single contradictory fact.

"A purchaser is charged with every fact shown by the records and is presumed to know every other fact which an examination suggested by the records would have disclosed." *West Wood Investments, Inc. v. Acord*, 141 Idaho 75, 86, 106 P.3d 401, 412 (2005). "One who relies for protection upon the doctrine of being a bona fide purchaser must show that at the time of the purchase he paid a valuable consideration and upon the belief and the validity of the vendor's

---

[2] The evidence on this point is uncontradicted: Mr. Kayser testified that he spoke with Jim McClary on the telephone after receiving a copy of the written Grant of Easement and at that time Jim McClary was mentally alert and was able to clearly describe the history of the agreement between himself and the Larsens. *See* the Deposition of Don Kayser, p. 27, l. 1 – p. 30, l. 5, attached as Exhibit E to the Affidavit of Julie Klien Fischer.

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR PARTIAL SUMMARY JUDGMENT - Page 4**

claim of title without notice, actual or constructive, of any outstanding adverse rights of another." *Imig v. McDonald*, 7 Idaho 314, 319, 291 P.2d 852, 855 (1955); *see also Weitz v. Green*, 148 Idaho 851, 230 P.3d 743 (2010). That the Kaysers had no notice of any "outstanding adverse rights of another" at the time they paid valuable consideration for the Benefitted Lot and the appurtenant Easement stands uncontradicted.

There is no question that the Kaysers were bona fide purchasers for value. Defendant asserts that "Regardless if Plaintiffs paid valuable consideration for Lot D, that does not mean they also paid valuable consideration for the Easement." Mr. Kayser's testimony reflects the contrary. When asked, "Is your position you would not have purchased the property *at the price you paid for it*, but for—unless the easement—the view easement, for lack of a better word, was documented?" (emphasis added), Mr. Kayser responded affirmatively, "That is correct." *See* the Deposition of Don Kayser, p. 21, ll. 17 – 21. This is evidence that the price the Kaysers paid for the Benefitted Lot also included the purchase of the interest in the Easement *because the price would have been lower but for the inclusion of the Easement*. Moreover, Defendant cites no facts or law that support her contention that "the consideration paid by Plaintiffs for Lot D cannot be the same consideration for the Easement." This statement is simply a conclusory assertion which is nonsensical—when purchasing a property which enjoys an easement (whether for access, a view, recreation rights or otherwise), and the parties make no specific allocation, the purchase price logically includes both the lot and the easement—they are not purchased separately.

In addition, Defendant seems to confuse the parties to the Easement. The Kaysers were not parties to the Easement; only Jim McClary as the grantor and the Larsens are grantees were parties to the Easement. The "transaction" between them had nothing to do with the Kaysers.

The Kaysers are simply innocent third parties who purchased the Benefitted Lot subject to an Easement of record which was valid on its face.

**C.    Defendant Accepted and Benefitted From the Easement.**

As previously discussed, Defendant did not object to the state of title when the Estate granted her the Easement Lot by a personal representative's deed on January 25, 2005, which expressly conveyed title "subject to easements of record." Instead, she took a copy of the Easement to the Ada County tax assessor, representing it to be a valid encumbrance thereby decreasing the value of the Easement Lot and correspondingly reducing her property tax liability. Based on her representations to the county assessor that the Easement was valid, she received a decreased valuation of the Easement Lot, and in turn, decreased taxes. *See* the McClary Depo., p. 100, l. 14 – p. 101, l. 23. If the Easement is valid for property tax purposes to benefit Defendant, then surely she cannot now claim it to be invalid as to the rights of the Kaysers.

Defendant makes no counter-argument in her Opposition nor presents any evidence to the contrary; she simply makes unsupported statements in her personal Affidavit that are no more than conclusory opinions. Furthermore, she admits that "the value of the lot was diminished" because of the Easement and so she did the "prudent" thing by requesting the tax assessor to reduce the assessment for the Easement Lot. *See* the McClary Aff., ¶ 9.

In sum, Defendant should not be allowed to "blow both hot and cold." *KTVB, Inc. v. Boise City*, 94 Idaho 279, 281, 486 P.2d 992, 994 (1971). Courts recognize the broad equitable principle "that a person, with full knowledge of the facts, shall not be permitted to act in a manner inconsistent with his former position or conduct to the injury of another." *Id*; *see also Wolford v. Tankersley*, 107 Idaho 1062, 695 P.2d 1201 (1984) (J. Bistline, dissenting opinion) ("a man should not be permitted to 'blow both hot and cold' with reference to the same

transaction, or insist at different times, on the truth of each of two conflicting allegations according to the promptings of his private interest.").

## III.
## CONCLUSION

Based upon the foregoing, all pleadings and papers filed herein, and whatever further evidence may be presented at the hearing of this matter, Plaintiffs respectfully request that their Motion for Partial Summary Judgment be granted.

DATED this 15th day of July 2010.

        MEULEMAN MOLLERUP LLP

        /s/ Anna E. Eberlin
By:  Anna E. Eberlin
      Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 15th day of July 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following parties:

**Julie Klein Fishcher** jfischer@morrowfischer.com


                                        /s/     Anna E. Eberlin
                                        Anna E. Eberlin