Julie Klein Fischer
MORROW & FISCHER, PLLC
332 N. Broadmore Way, Ste. 102
Nampa, Idaho 83687
Telephone: (208) 475-2200
Facsimile: (208) 475-2201
ISB No.: 4601
*jfischer@morrowfischer.com*

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| DONALD KAYSER and MARY KAY KAYSER, | ) ) | **CASE NO. CV 10-00119-REB** |
|---|---|---|
| Plaintiffs, | ) ) ) | **STIPULATION FOR PROTECTIVE ORDER** |
| -vs- | ) ) | |
| PAM JANE McCLARY, an individual, | ) ) | |
| Defendant. | ) ) | |

The parties herein, by and through their undersigned counsel, hereby seek and stipulate to a Protective Order from the Court protecting the confidential estate planning and medical information contained in James McClary's estate planning documents and medical records and any personal identifying information (i.e., social security numbers, telephone numbers, home addresses, etc.) of any of James McClary's personal or medical care takers or assistants. Such information may be produced or disclosed during formal discovery in this litigation.

STIPULATION FOR PROTECTIVE ORDER - 1

A Protective Order from the Court would be binding upon the parties to this action and the attorneys for each party.  The documents and information provided hereunder can be used only for purposes related to this litigation and for no other purpose now or in the future without court approval.

All protected documents and the information contained therein shall be treated as confidential by the parties and by counsel for the parties, who shall not permit disclosure of any such document, its contents or any portion thereof.  Notwithstanding this provision, counsel may exhibit such documents or disclose the information contained therein to persons assisting counsel in the preparation of the case for trial, such as experts, consultants, clerical and accounting personnel; to persons who have prepared or assisted in the preparation of such documents; and to persons to whom the documents or copies thereof were addressed or delivered.  Prior to any such disclosures or exhibition, counsel shall first present a copy of the Protective Order to any such person and shall not permit disclosure of the documents or the information therein other than pursuant to the terms of the Order.  Subsequent to such disclosure or exhibition, all documents must be returned by such persons allowed to view the documents pursuant to the terms of the Order.

This Stipulation shall apply to estate planning documents, medical records, and care taker records/notes furnished in this litigation whether requested by interrogatory, request for production, request for admission, or notice of taking deposition by any party for which a claim of confidentiality or privilege has been asserted.  Any party disputing a claim of legal privilege or confidentiality invoked by any other party retains the right to challenge such claim and request appropriate authorities and instructions upon a proper motion to the Court.

Either party may at any time notify the other in writing of its contention that specified material designated as Confidential Material is not property designated.  The Designating Party

STIPULATION FOR PROTECTIVE ORDER - 2

shall, within five court days, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute.  The Challenging Party shall have twenty (20) calendar days from the conclusion of the meet and confer to file a motion challenging the designation of the material in question.  If not motion is filed within the 20-day period, or any mutually agreed to extension of time, all Parties shall treat the material as confidential.  If a motion challenging the designation is filed, the Designating Party mush show by a preponderance of the evidence that there is good cause for the designation as Confidential Material.  Pending resolution of any motion filed pursuant to this paragraph, all persons bound by this Protective Order shall continue to treat the material that is the subject of the motion as Confidential Material.

Upon final disposition of this case, all copies of protected documents in the possession of counsel for the parties hereto or any persons provided access to those documents shall be destroyed or returned to the counsel who provided them.  Also upon final disposition of the case, all copies of protected documents introduced into evidence in this action may be withdrawn from evidence and returned to the counsel who provided the same.

In the event any of the above-referenced documents are disclosed in contravention of this Stipulation and the Court's Order, either willfully or inadvertently, such records shall not lose their protected status through such disclosure and the parties shall take all steps reasonably required to assure their continued confidentiality.

After termination of this case, the provisions of this Stipulation and the Court's Order shall continue to be binding.


DATED this 11th day of October, 2010.

                                          MEULEMAN MOLLERUP, LLP

By  /s/ Anna E. Eberlin
    Anna E. Eberlin
    Attorneys for Plaintiffs

DATED this 11th day of October, 2010.

MORROW & FISCHER, PLLC

By  /s/ Julie Klein Fischer
    Julie Klein Fischer
    Attorneys for Defendant

lmt/T:\Clients\M\McClary, Pam\Pleadings\Stipulation for Protective Order.doc