IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| DONALD KAYSER and MARY KAY KAYSER, <br><br> Plaintiffs, <br><br> v. <br><br> PAM JANE McCLARY, <br><br> Defendant. | Case No. CV 10-00119-REB <br><br> **MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO ADD CLAIM FOR PUNITIVE DAMAGES** <br><br> **(Docket No. 43)** |

Currently pending before the Court is Plaintiffs' Motion for Leave to Add Claim for Punitive Damages (Docket No. 43).[1] Having carefully reviewed the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## II. DISCUSSION

"A prayer for punitive damages is not a stand-alone cause of action, but flows from an underlying cause of action, such as a breach of contract or a tort, when the conduct of a party meets the threshold level of being oppressive and outrageous." *See Boise Tower Associates LLC*

---

[1] This Court previously issued a Memorandum Decision and Order with respect to Plaintiffs' Motion for Leave to Name Experts, deferring its consideration of Plaintiffs' contemporaneous request to add a claim for punitive damages until after oral argument. *See* 2/7/11 MDO (Docket No. 47).

**MEMORANDUM DECISION AND ORDER - 1**

*v. Washington Capital Joint Master Trust*, 2006 WL 1749656 at *12 (D. Idaho 2006). Conduct justifying punitive damages requires "an intersection of two factors: a bad act and a bad state of mind." *See Linscott v. Rainier Nat. Life Ins. Co.*, 606 P.2d 958, 962 (Idaho 1980). The defendant must (1) act in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of - or disregard for - its likely consequences, and must (2) act with an extremely harmful state of mind, described variously as with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully. *See Myers v. Workmen's Auto Ins. Co.*, 95 P.3d 977, 983 (Idaho 2004). For plaintiffs to be entitled to amend their complaint to add a claim for punitive damages, they need to show "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." *See* I.C. § 6-1604(2).

Plaintiffs argue that Defendant's "forceful self-help" by building a fence along the boundary line between Lots B and D "constitutes a 'deliberate, willful and malicious' trespass" when considering an August 6, 2009 email (produced after the amendment deadline), with Plaintiff stating:

> I believe that if you were to approach the Kaysers in my name, he would get on his high horse and give you the same (pardon me) bullshit he gave me about how it was a "fair deal" and he is entitled to "his" property and he'll be damned if he will give anything up. He has had a long standing reputation as a rapacious, arrogant, nasty bastard (people who worked at MK hated him). I also think that he is like other aging retired executives who look for opportunities to prove that they've still got the right stuff. He made it very clear to me that he wanted to go to court. I didn't have title to the property at that time. He also has unlimited funds and 4 other houses. He said that going against him "would be the most expensive undertaking of my life."
>
> . . . . Have you been able to find out if anyone else is actually interested in that house or have they received any offers? I am trying to let the lot look as bad as possible and, when I get back to Boise, I have another idea or two that might make a sale problematic for them. I don't know what their situation is at the moment or why they are selling in this market. I feel that I don't have enough

**MEMORANDUM DECISION AND ORDER - 2**

> information to make a good decision. If no one is interested in the property, the price will come down on its own I assume. I don't know how "motivated" they are. I still have the problem of no money to pay for it and know that nobody is getting any loan money.

*See* Pls.' Mem. in Supp. of Mot. for Leave, pp. 5-6 (Docket No. 43, Att. 1) (citing 1/7/11 Eberlin Aff. at ¶ 5 (Docket No. 43, Att. 2)).

While Defendant does not dispute the strained relationship between the parties, she justifies her conduct as simply maintaining her rights in Lot B. *See* Def.'s Opp. to Mot. for Leave, p. 12 (Docket No. 46) ("It is also no secret Ms. McClary had serious concerns about Plaintiffs selling their property with representation of a view Easement that she had made very clear she disputed. That does not mean Ms. McClary acted with an extremely harmful state of mind when she built the fence. Regardless of her feelings about Mr. Kayser or his actions in obtaining the Easement, Ms. McClary was protecting her interest in the property, period."). Further, during oral argument, Defendant's counsel urged the Court to consider the context of the above-referenced e-mail, combined with the casual (and, after-the-fact, regrettable) nature of the conversation depicted therein.

The Court notes Defendant's objection to Plaintiffs' amendment efforts, however, finds that an amendment to add a claim for punitive damages is warranted here.

First, the fact that Plaintiffs moved to amend after the amendment deadline is not particularly persuasive, especially when recognizing that Defendant's August 6, 2009 email was produced *after* (and perhaps, even, as a supplementation to an earlier production in response to Plaintiffs' discovery requests) the amendment deadline itself. There is no question that Plaintiffs could have moved earlier to add a claim for punitive damages, but their ultimate delay in doing so is not fatal to their request now, when considering (1) Plaintiffs' potential desire to limit

**MEMORANDUM DECISION AND ORDER - 3**

attorneys' fees while awaiting the Court's ruling on their then-pending motion for partial summary judgment; and (2) the not-unusual attempt in Idaho to seek an amendment to add a claim for punitive damages heading up to (or even during) trial - well after any amendment deadline.  Moreover, any prejudice that may befall Plaintiff in adding a claim for punitive damages at this time is not easily remedied by additional discovery,[2] when realizing that it is Defendant's own conduct that dictates whether a claim for punitive damages is warranted.  In other words, it is difficult for the Court to find that, even with the benefit of additional discovery from others, the arguments over the nature of the conduct displayed in Defendant's August 6, 2009 email would be significantly changed.  More discovery will not alter this reality.

      Second, Plaintiffs' argue that there is nothing about maintaining one's rights to real property (as Defendant argues here) that requires calling someone "a rapacious arrogant, nasty bastard" who is hated by others, and, "like other aging retired executives," just "look[ing] for opportunities to prove that they've still got the right stuff."  The Court agrees that Defendant's August 9, 2009 email can be read to infer that something more is going on here, necessarily tainting Defendant's subsequent conduct in building the at-issue fence between Lots B and D.  Combined with Defendant's later comments about purposely "trying to let the [adjacent] lot look as bad as possible" and "hav[ing] another idea or two that might make a sale problematic for [the Kaysers], it cannot be said that Defendant's August 9, 2009 email is as innocuous as she now must argue.  Instead, it can be evidence of spiteful and malicious conduct that, consistent with

---

      [2] During oral argument, Defendant's counsel argued that, in the event a claim for punitive damages is permitted, additional discovery would be necessary - specifically, deposing the Richardsons (the parties who, at one time, considered purchasing Plaintiffs' property), deposing Arthur Berry (the recipient of Defendant's August 6, 2009 email), and securing additional emails.

**MEMORANDUM DECISION AND ORDER - 4**

Idaho law, presents a reasonable likelihood of Plaintiffs proving a set of facts at trial sufficient to support an award of punitive damages. This finding therefore warrants an amendment to add a claim for punitive damages.[3]

## II. ORDER

For the foregoing reasons, it IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Add Claim for Punitive Damages is GRANTED.

DATED: **March 1, 2011**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[3] This finding is independent of the Idaho Supreme Court "strongly disfavor[ing] the resort to forceful self-help in resolving property disputes. *See Weitz v. Green*, 230 P.3d 743, 756 (Idaho 2010). As Plaintiffs' counsel acknowledged during oral argument, *Weitz* did not alter Idaho Code § 6-1604's standard for seeking to amend the pleadings to include a claim for punitive damages.

**MEMORANDUM DECISION AND ORDER - 5**